UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Eastern District of Kentucky
F I L E D
MAY 11 2023
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

CRIMINAL ACTION NO. 5: 23-CR-50-KKC

UNITED STATES OF AMERICA     PLAINTIFF

V.     **BINDING PLEA AGREEMENT**

QUINCINO I. WAIDE     DEFENDANT
   aka   Q

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the sole count of the Information, charging a violation of 18 U.S.C. § 4, Misprision of a Felony. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss the underlying Indictment, 18-CR-116-KKC, as it pertains to this Defendant. Pursuant to Rule 11(c)(1)(C), the United States and the Defendant agree to a specific sentence of time served. Pursuant to Rule 11(c)(4), if the Court accepts this plea agreement, the agreed disposition will be included in the judgment. Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

2. The essential elements of 18 U.S.C. § 4 are:

    (a) a federal felony was committed,

  (b) the defendant had knowledge of the commission of that felony,

  (c) that the defendant had knowledge that the conduct was a federal felony,

  (d) the Defendant failed to notify a federal authority as soon as possible; and

  (e) that the Defendant did an affirmative act, as alleged to conceal the crime.

3. As to the sole Count, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

  (a) On July 24, 2018, the Lexington Police Department (LPD) Narcotics Enforcement Unit were present at the residence of the Defendant located on Douglas Avenue, in Lexington, Fayette County, Kentucky, in the Eastern District of Kentucky. Investigators detected the strong odor of marijuana coming from the Defendant's person. During the course of that investigation the Defendant had advised that he had possession of a quantity of marijuana inside the residence.

  (b) While the investigation continued the Defendant, V.W., and D.W. were outside on the front porch. The Defendant spoke openly with D.W. The Defendant was observed by investigators to speak in hushed tones to V.W. The Defendant knew at that time that there were controlled substance and proceeds from the sale of controlled substances inside the residence. The Defendant communicated to V.W. about the existence of the contraband and directed V.W. to obtain it or move it to keep it from being seized by the LPD. Shortly after the Defendant had his conversation with V.W, both V.W. and D.W. went inside the lower apartment #1. Thereafter, investigators could hear loud banging that appeared to come from within #3 and also from apartment # 1 which was directly below # 3. As the noise continued, investigators determined that unknown subject(s) within #1 were gaining entry into the Defendant's residence through the ceiling of # 1 in an attempt to hide, destroy, or remove evidence/contraband in the second floor apartment # 3. Investigators made the decision to enter #3 to prevent the imminent destruction of evidence. Upon entry into # 3, detectives immediately observed a large hole in the floor of Unit # 3 and could see through the large hole into # 1 below. There were no individuals located in #3 at that time.

  (c) Fearing the imminent destruction of evidence in Unit # 1 as well, detectives entered # 1 and encountered D.W. and V.W. in the rear of # 1. V.W.

and other occupants of # 1 had removed a large section of the ceiling drywall and insulation from # 1 as well as a large portion of the floor of # 3 to gain access to QW's # 3. LPD determined that someone had entered #3 through the ceiling of #1 and were suspected of hiding, destroying or removing evidence/contraband that had been recently removed from the Defendant's apartment above # 1. V.W. was the only one of the occupants that was physically able to climb up through the ceiling into # 3. There was also a stepladder leading up to Unit # 3. V.W. had drywall dust and insulation on his person consistent with having entered the ceiling of #3 and into #1.

(d) Subsequently, V.W. admitted he had entered #3 through the ceiling of #1 at the direction of the Defendant. V.W. admitted that he had removed a cardboard box with cocaine residue and scales at the direction of the Defendant to avoid it being seized by the LPD. V.W. also admitted that he had attempted to locate and remove a quantity of cash/drug proceeds from the above apartment #3 also to avoid it being seized by LPD.

(e) The Defendant admits that the United States could prove that a federal felony was committed, possession with intent to distribute controlled substances and drug proceeds, and that he had knowledge of the commission of that federal felony. The Defendant had previously been convicted of a federal drug trafficking felony in 2003 and therefore knew that possession with intent to distribute controlled substances and money laundering were federal felony offense. Further, the Defendant admits that the United States could prove that the Defendant committed an affirmative act to conceal the crime by failing to inform authorities that V.W. and others were moving the controlled substances and the drug proceeds.

4. The United States and the Defendant agree to a specific sentence of time served, which binds the Court upon acceptance of this plea agreement.

(a) The Defendant's sentence of imprisonment shall be time served which is approximately 57 months as served under 18-CR-116-KKC.

(b) The Defendant will request that no term of supervised release be imposed and the United States will not oppose such a request.

(c) A fine shall not be imposed as the Defendant has agreed to allow the United States Marshal's Service to retain the sum of $4,000 to offset expenses incurred on the previously forfeited real property located at 430 Douglas Avenue, Lexington, Kentucky.

5. The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

6. The United States will recommend releasing the Defendant upon completion of the guilty plea to this Information.

7. The United States agrees to release its interest in the real property located at 430 Douglas Avenue, Lexington, Kentucky, which was included in the forfeiture allegation of the underlying Indictment, 18-CR-116-KKC, and, in conjunction with its dismissal of the underlying Indictment, move to rescind and vacate the Final Order of Forfeiture entered in that case regarding the real property as listed above. The Defendant acknowledges that the United States incurred expenses maintaining, repairing, and improving the real property and collected rents from tenants residing at the real property after taking custody thereof pursuant to the Final Order of Forfeiture. The Defendant agrees that any and all rents collected shall be retained by the United States, and the United States agrees that it will not seek compensation from the Defendant for the maintenance, repair, or improvement of the real property while in its custody. The Defendant also agrees to release, forever discharge, and hold harmless the United States, Department of Justice, United States Attorney's Office, Drug Enforcement Agency, United States Marshals Service, and any other agents, servants, employees, and contractors of the United States (or any State or local law enforcement agency), acting in their individual or official capacities, from any and all claims or demands in law or in equity, and waives any right to litigate any such claims or

demands, which currently exist or which may arise in the future as a result of the United States' action against the real property. The Defendant further acknowledges that the following property previously identified in the underlying Indictment, 18-CR-116-KKC, was administratively forfeited to the United States and waives any right to contest this already completed forfeiture: $101,725.00 in U.S. currency; $65,770.00 in U.S. currency; 2011 Audi Q5, VIN WA1DKAFP1BA117938; and Smith & Wesson Bodyguard .38 Caliber Pistol with Crimson Trace Integrated Red Laser., Serial No. EBT6049.

8. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

9. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant

will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

10. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

11. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

12. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 5/10/23                By: _____
                                  Roger W. West
                                  Assistant United States Attorney

Date: 5/11/23                _____
                                  Quincino L. Waide
                                  Defendant

Date: 5/11/23                _____
                                  Patrick F. Nash
                                  Attorney for Defendant